By the Court. Woodruff, J.
The undertaking and duty of a common carrier, on receiving goods for carriage, is twofold: First, to carry and deliver safely. Second, so to carry and deliver within a reasonable time.
The first duty is absolute. Hothing but the act of God or the public enemies will relieve the carrier from its performance.
The second duty is relative, depending upon various circumstances and conditions under which goods are received, the means at the command of the carrier, and the absence of fault on his part in the provision he has made for the performance of his duty.
What is a reasonable time must always be determined by the circumstances under which the carrier acts, and not by the inquiry *379 what, under other circumstances, would be reasonable, nor even by the inquiry what period is ordinarily required for the performance of the service.
The distinction above stated is to be found in the elementary writers treating of the law of common carriers, and is, I apprehend, too well settled to be now open for discussion; and its recognition in this state unequivocally appears in Parsons v. Hardy, (14 Wend. 217); Harmony v. Bingham, (2 Kern. 99); Wibert v. The New York and Erie Railroad Co. (ib. 245: S. C.; 19 Barb. 36).
The delay in the present case is alleged by the defendants to have arisen from the negligent act of another railroad company, without fault on their part, by which their cars were thrown from the railroad track, and the passage of the following train (contain - ing the plaintiffs’ property) necessarily hindered.
The case of Parsons v. Hardy presented the precise question whether such an accident, caused by the act of third parties, through their misadventure or negligence, excused the delay. The court held, “ that evidence that the delay was so caused, was admissible,” and that if the fact were proved, and the accident shown to have occurred without any want of diligence, care and skill on the part of the carrier, it would excuse the delay.
And we understand the decision of Wibert v. The New York and Erie Railroad Co. to decide that common carriers, when there is no express agreement to carry within a limited time, are not responsible for delays occurring without their fault, and that this is true as well of the common law obligations of carriers as under our statute, which was the subject of much discussion both in the supreme court and court of appeals.
It is hardly necessary to add, that in disposing of this case we must be governed by the decisions referred to, and it is, therefore, unnecessary to extend our discussion upon this point.
The application of those cases to the present, shows that there was error in the charge of the Judge on the trial.
He charged that the defendants were responsible for the damages caused by the delay in making the delivery of the plaintiffs’ cattle, although the collision, which produced the delay, was caused by another railroad company; and he refused to charge that if such collision was caused by the carelessness of the other company, and the defendants were guilty of no _ carelessness or *380 negligence, the defendants were not responsible'for any damages sustained by reason of delay in the delivery.
This, we apprehend, was making the duty of the defendants, to carry and deliver within the usual and customary period of transportation from Albany to Eew York, just as absolute and unqualified as their duty to carry and deliver. In effect, it allowed no excuse for delay, which would not excuse a failure to deliver.
If the accident, which caused the delay, happened through the fault of another company, and without any concurring fault or neglect on the part of the defendants, then, as to them, the accident was inevitable, in the sense that excuses the delay, within the rule declared by the cases above mentioned.
And if the defendants, therefore, failed in no duty which they owed to the plaintiff, they not having stipulated, by their contract, to carry and deliver within any limited time, are not responsible for damages resulting from the delay in delivering the cattle in question.
How the jury would have found, had the question whether the delay, and the consequent injury to the plaintiff’s cattle, were without the fault or negligence of the defendants or their servants, been submitted to them, we are not able to say. If we could determine what is the weight of the evidence upon that subject, we should not consider ourselves at liberty to do so. But if the jury had found in the defendants’ favor, upon that question, then the delay was caused by what was, as to the defendants, an inevitable accident, which, according to the cases mentioned, would excuse them.
If¡ then, the defendants are not responsible for the delay in the delivery, that being excused, the excuse must necessarily relieve them from liability for any injury to the property which is the mere result of the delay. That is, in the case before us, the injury described by the witness as the shrinkage, fatigue, and trampling of the cattle upon each other, by reason of the increased time consumed in the carriage.
So far as this was the mere result of delay, it must stand upon the same footing as the depreciation or deterioration of property, in the course of transportation, from its own inherent character and liability to decay, or injury from mere lapse of time, or from the act of carriage itself. Eo rule of responsibility imposes upon *381 the carrier losses arising from the ordinary deterioration of goods in quantity or quality, in the course of transportation, or from their inherent infirmity or tendency to decay.)
We are not able to perceive any reason upon which the shrinkage of the plaintiff’s cattle, their disposition to become restive, and their trampling upon each other when some of them lie down from fatigue, is not to be deemed an injury arising from the nature and inherent character of the property carried, as truly as if the property had been of any description of perishable goods.
The rule undoubtedly requires of the carrier, that he use all reasonable and proper care that the delay may not be unnecessarily prejudicial.
And under the rule above stated, if the delay was without the fault of the defendants, it is entirely clear that the damages, which consisted (as alleged) in the loss of the market, cannot be recovered. The claim has no foundation whatever, save in the mere lapse of time, and if that be excused, the claim is obviously groundless.
This, perhaps, renders any further discussion of this case unnecessary ; but I add, nevertheless, the further observation, that if the delay was caused by the admitted negligence of the defendants, I very much doubt the liability of the defendants to any such claim. In the absence of an express agreement as to time, made with a view to a delivery for the market of a specified day, it cannot be intended that the contingencies of the market were at all within the contemplation of the parties; nor is it obvious what particular day is to be taken by which to test the amount of such a loss. There would seem to be no reason for taking the very day of the expected arrival, if intermediate to that day and the day of the trial, there has been a fluctuation in prices, some higher and some lower than on the first-named day. Nor would it be reasonable to fix the time for ascertaining the depreciation at the very day of the actual arrival, without permitting the defendants to say, and show, that if the plaintiff had left the property for some reasonable time thereafter, they would have realized from the higher prices then prevailing, as much, or even more, than by a sale on tfie day whep the property was expected to arrive.
In truth, damages of this description are too remote and contingent to be ascribed to the delay, whether the delay be excused *382 or not. They do not result from the delay, but from other causes. Non constat that the plaintiffs would have sold their cattle had they arrived one day earlier; or, if they had sold them, that they would have brought any higher price than they did bring. It cannot be known but that the addition of these very cattle, to the stock on hand, would have produced, one day earlier, all the fall in the market which took place on the day of their arrival. But I do not deem it necessary to pursue this branch of the subject, since, if the delay be excused, the claim necessarily falls. In the able opinion of Mr. Justice Marvin, in Wibert v. The N. Y. & Erie R. R. Co. (19 Barb. 36,) this subject is very fully discussed, and his conclusion is ably sustained, viz., that no recovery can be had of damages of this description, from whatever cause the delay arises. In the Court of Appeals the decision that, the delay having occurred without the fault of the defendants, they were not liable at all, rendered the discussion of this other question unnecessary.
A new trial must be ordered, with costs to abide the event.