By the Court:

Monell, J.
There was sufficient evidence to establish the defendant’s liability. A bill for the freight of the cotton was made out in his name and paid at his office. This prima facie proof of ownership was not shaken by the evidence furnished by the defendant that he was the agent of this line. He could be agent and owner or part owner at the same time.
As the paper excluded by the court is not printed in the case, or otherwise furnished to us, we cannot say whether it was or was not properly rejected.
The action was for the breach of a contract to carry from Charleston to New York ninety-one bales of cotton on board the steamship Granada. Only forty-two bales came by that ship, the remainder being delayed five or six days.
It was the usual contract of a common carrier, rendering them liable for all damage sustained by reason of the delay.
The rule of damages adopted at the trial was the difference between the market value of cotton on the day when the whole number of bales ought to have arrived, and the price on the day when the remainder did arrive.
This is probably not a sufficiently open question to allow us to *683 depart from the decisions which have already been made on the ‘subject.
The case of Conger v. The Hudson R. R. R. Co., in this court (6 Duer, 375), was an action against the defendants, as carriers, to recover damages for delay in the transportation of cattle. The plaintiff claimed for shrinkage and also for loss of the marTcet, and the jury was allowed to ascertain such damage. The court, upon exceptions, set aside the verdict, on the ground that the delay being without the defendants’ fault, they were not liable. Such decision rendered it unnecessary to consider the rule of damages adopted at the trial. Nevertheless, the court, approving of the case of Wibert v. N. Y. and Erie R. R. Co. (19 Barb., 36), gave an emphatic opinion that no recovery could be had of damages for loss of market, from whatever cause the delay might arise.
After the decision in this court, the Supreme Court in the seventh district, in Kent v. Hudson R. R. R. Co. (22 Barb., 278), in effect overruled Wibert v. N. Y. and E. R. R. Co. But the latter case was subsequently fully sustained in Jones v. N. Y. & E. R. R. Co. (29 Barb., 633).
The question is not settled by any authority binding on us, but we think that the clearly annunciated opinion in Conger v. Hudson R. R. R. Co. (supra) should induce us to follow the latest decision of the Supreme Court and set this verdict aside.
The judgment and order should be reversed, and a new trial ordered.